# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1297V

| | |
|---|---|
| ELIZABETH YOUNG,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 14, 2025 |

*Philip James Roth, Jr.*, Marshall, Roth & Gregory, PC, Asheville, NC, for Petitioner.

*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 11, 2023, Elizabeth Young filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of receiving an influenza vaccine in her left arm on November 13, 2020. Petition, ECF No. 1. On January 31, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 36.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $25,956.81 (representing $25,464.00 in fees plus $492.81 in costs). Application for Fees and Costs ("Motion") filed February 6, 2025, ECF No. 40. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 40-4.

Respondent reacted to the motion on February 20, 2025, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 41. Petitioner indicated thereafter that she does not intend to file a substantive reply. ECF No. 42.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for paralegal work performed between 2022-25 are reasonable and shall be awarded herein. Petitioner has also requested the following hourly rates for work performed by attorney Philip J. Roth: $470.00 for time billed in 2022; $495.00 for time billed in 2023; and $523 for time billed in 2024 through 2025. Based on attorney Roth's experience, I find his proposed rates to be reasonable and within the appropriate ranges based on the OSM Attorney's Fee Schedules.[3] Furthermore, it appears that attorney Roth has not yet received an established hourly rate for work performed in 2021. Thus, I hereby award attorney Roth the rate of $435.00 for work performed in 2021. However, I find a minor reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

A review of the billing records reveals several entries billed on tasks considered administrative in nature.[4] But billing for administrative tasks is not permitted in the Vaccine Program. See *Rochester* v. *U.S.*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Tasks that are "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri* v. *Jenkins*, 491 U.S. 274, 288 n.10 (1989). Attorneys, thus, may not

---

[3] The Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] Billing entries considered administrative in nature are dated as follows: 11/18/22: "save altrium disc production to file." 8/11/23: "electronically file Petition and serve DHHS." 8/15/23: "file statement of completion and PAR questionnaire." 1/31/24: "download and review Kells notice of appearance." 3/21/24; 5/6/24; 5/8/24; 8/15/24; 2/4/25; 2/5/25, these billing entries add up to a combined total of $1,153.20 in fees claimed on tasks which are not reimbursable in the Vaccine Program. See ECF No. 40-2.

2

separately charge for clerical or secretarial work because those charges are overhead for which the hourly rate accounts. See *Bennett* v. *Dep't of Navy*, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983). See also *Floyd* v. *Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); (stating that secretarial tasks include "scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system"); *Silver* v. *Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Accordingly, fees incurred for such tasks will not be reimbursed. **Application of the foregoing reduces the amount of fees to be awarded by $1,153.20.**

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 40-3. Respondent offered no specific objection to the rates or amounts. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$24,803.61 (representing $24,310.80 in fees plus $492.81 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.